IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CAY PARTNERS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:14-cv-00232 |
| | ) | |
| ROBERT R. CARL | ) | (JURY DEMANDED) |
| and | ) | |
| BAKER, DONELSON, BEARMAN, | ) | |
| CALDWELL & BERKOWITZ, PC | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Comes now Plaintiff, Cay Partners LLC ("Cay"), by and through counsel, and for good cause of action against Defendants, Robert R. Carl, Attorney at Law, and Baker, Donelson, Bearman, Caldwell & Berkowitz, PC states as follows:

### I. PARTIES

1. Cay is a Nevada limited liability company with its principal place of business in Palm Beach County, Florida.

2. Defendant, Robert R. Carl, Attorney at Law, is a resident of Tennessee and may be served with process at 265 Brookview Centre Way, Suite 600, Knoxville, Tennessee 37919.

3. Defendant, Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, is a Tennessee company and may be served with process at 265 Brookview Centre Way, Suite 600, Knoxville, Tennessee 37919.

## II. JURISDICTION

4. Jurisdiction and venue are proper in this Court as the property at issue is located in Knox County, Tennessee.

## III. FACTS

5. On May 8, 2013, Stephen Seefeld, managing partner of Cay, sent an email to Robert R. Carl, attorney of counsel at Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, requesting any and all materials emails billing records related to the Mr. Carl's representation of Cay. **Exhibit 1.**

6. On June 3, 2013, Mr. Carl sent a Fed Ex package, along with the tracking number, which contained the requested documents and provided the basis for this complaint (**Exhibit 2**). Prior to this date Cay was not satisfied with Mr. Carl's competence and responsiveness but was never aware of his unscrupulous and detrimental devotion to the interests of First American Title Insurance, Co ("FATCO") at the expense of his fiduciary duty to Cay.

7. Mr. Carl was retained by FATCO in March of 2010 to represent to M&I Marshal and Ilsley Bank ("M&I Bank"), and then Cay, as the insured under a lender's title insurance policy issued by FATCO. Mr. Carl was charged with the duty of defending Cay, the assignee of the note and deed of trust from M&I Bank, against the consolidated claims of Vision Engineering and Development Services, Inc. ("Vision") and Charles Blalock & Sons, Inc. ("Blalock") for unrecorded mechanic's liens ("Claims") attaching to property, the purchase and development of which M&I Bank had loaned

and advanced funds. The defense of the Claims was paid for by FATCO pursuant to the title policy. **Exhibit 3**.

8. From the very beginning of his representation, Mr. Carl had a duty to zealously advocate for Cay for the purpose of ensuring that Cay would not be liable for the Claims. Inclusive in that duty was the duty to avoid taking adverse positions against Cay during the course of the representation. During Mr. Carl's representation of Cay, he provided legal opinions to FATCO and utilized his position as Cay's attorney of record to collect and provide information to FATCO that was detrimental to Cay's interests. On April 18, 2011, in an email to FATCO, Mr. Carl went as far as stating that "I think *we* need to take a position soon re: whether title insurance exists for this dispute; we are in the process of performing due diligence to determine if coverage exists." Mr. Carl never passed on this information to Cay. **Exhibit 4**.

9. While Mr. Carl was representing Cay, he communicated with FATCO regarding whether coverage existed under the policy, but failed to communicate with Cay that there was any possibility FATCO would deny coverage. Specifically, Mr. Carl advised FATCO that he had "not yet advised Cay, in plain language, the First American has not yet determined whether it will cover this claim." **Exhibit 5**. Mr. Carl never in fact advised Cay of FATCO's equivocal position, despite Cay's repeated inquiries as to the status of its claim under the policy dating back to purchase of the note.

10. On April 25, 2011, in an email to FATCO, and evidencing his confusion as to which party he was representing, Mr. Carl sought direction as to "*our* current holding pattern" in reference to FATCO's stance on policy coverage, or lack thereof, for Cay. (Emphasis added). **Exhibit 6**.

Cay Partners First Am Title (USDC) Cmp 140529
1700 13230

3

Case 3:14-cv-00232-TAV-CCS   Document 1   Filed 05/30/14   Page 3 of 15   PageID #: 3

11. Mr. Carl also owed a duty to advocate for Cay to be placed in a first lien position as soon as possible. Mr. Carl could have accomplished this by simply reading page one (1) of the closing documents which expressly stated that Integrity Title, Inc., FATCO's agent, found no potential mechanic's lien claims on the property (**Exhibit 7**), a copy of which was provided to Mr. Carl on September 28, 2010. **Exhibit 8**. Mr. Carl should have demanded that FATCO, based on its representations to M&I, that the title was free and clear of potential mechanic's liens, either enter into a reasonable settlement, pay the claims, or post bond while it pursued litigation. Mr. Carl made no such demands of FATCO, but instead made repeated demands of Cay, and of M&I Bank, for the production of documents and for Cay's signing of an appeal bond, all of which were for the express benefit of FATCO. Mr. Carl's course of discovery for FATCO, and against Cay and M&I Bank, ultimately resulted in FATCO taking an adverse coverage position against Cay.

12. Mr. Carl had so blurred the lines of representation that FATCO itself reminded Mr. Carl in December of 2010 (**Exhibit 9**), and again in May of 2011 (**Exhibit 10**), that he was representing Cay not FATCO. Also in May of 2011, counsel for Fairtenn, LLC (the owner of the development property) expressed to Mr. Carl his confusion as to which party Mr. Carl represented. Fairtenn, LLC's counsel specifically asked if Mr. Carl represented First American. **Exhibit 11**. In February of 2012, after two (2) years of litigation between the parties, Blalock's chief counsel thought that Mr. Carl was representing FATCO. **Exhibit 12**. In fact, Mr. Carl's own emails, when taken in conjunction, show that he believed he represented FATCO in some capacity as late as 2013.

13. In an effort to compel coverage and protect itself, Cay brought suit in an intervening complaint against FATCO in 2011 under bad faith failure to pay an insurance claim. On May 26, 2011, Mr. Carl contacted FATCO, and advised that "Cay Partners sued First American…Not as bad as I thought it might be." **Exhibit 13**. Mr. Carl continued to represent Cay against Blalock and Vision. FATCO retained Edward Owens to defend against Cay's complaint.

14. Despite his duty to advocate for his client, Mr. Carl colluded with Mr. Owens. Mr. Carl reached out to FATCO and Mr. Owens to "get together and form a game plan" once Mr. Carl received an appraisal on the subject property. **Exhibit 14**. Cay had previously objected to the appraisal of the property, had no knowledge that an appraisal was actually conducted, did not receive a copy of the appraisal, and had no knowledge that Mr. Carl was meeting with opposing counsel to formulate plans upon receipt of the appraisal. The appraisal proved detrimental to Cay's interests.

15. This was not the first instance of Mr. Carl's failure to keep Cay reasonably informed, nor was it an isolated instance of Mr. Carl taking action adverse to Cay.

16. As early as January 26, 2011, FATCO was in a position to settle the Claims. Instead of settling the Claims FATCO attempted to build a case against Cay for lack of cooperation under the policy, a violation that would bar Cay from recovering under the policy. FATCO reached out to Mr. Carl for the express purpose of finding out how many times Carl, at the behest of FATCO, had requested but not received information from Cay. Mr. Carl gladly divulged to FATCO the dates upon which he had contacted Cay, and expressed that Cay had not provided the information sought. **Exhibit 15**.

Cay Partners First Am Title (USDC) Cmp 140529
1700 13230

5
Case 3:14-cv-00232-TAV-CCS   Document 1   Filed 05/30/14   Page 5 of 15   PageID #: 5

17. On July 13, 2011, in an email to FATCO, Mr. Carl asked FATCO whether it intended to stipulate to the lien amounts of the Claims. **Exhibit 16**. The basis and exclusive evidence of the lien amounts was a one-page screenshot of the simple aggregate difference between the debits and credits from Blalock's accounting system. This Screenshot represented an aggregation of numerous individual invoices over a period of four years the accuracy and validity of which were never questioned. The deficiency of approximately $264,000 constituted the lien claim and surfaced after more than $3,500,000 of invoices had been paid. FATCO did end up stipulating to the amount of the liens. Mr. Carl never once objected to the stipulation. In the same email Mr. Carl stated that he "would also like to get together with you (Byron Rodgers, claims handler for FATCO) and Ed (Owens) to discuss/define our roles at this point."

18. On August 8, 2011, Mr. Carl advised Blalock's counsel that it would be helpful to "just stipulate to the documents in this case." **Exhibit 17**.

19. Mr. Carl never consulted with Cay regarding the lien stipulation and did not advise Cay that such a stipulation had been made. Stipulating to the lien amount was an action directly adverse to the best interests of Cay.

20. After stipulating to the lien amounts and losing on summary judgment in the Chancery Court, FATCO instructed Mr. Carl to appeal the Court's decision. On December 1, 2011, in an email to FATCO, Mr. Carl states that although he is sure that Cay does not want to appeal, and that Cay wants FATCO to pay the claim, he will none the less attempt to have Cay sign an appeal bond and will point out that Cay's failure to sign will revoke their coverage. **Exhibit 18**. Mr. Carl made a losing argument before the Tennessee Court of Appeals and the Chancery Court's ruling was upheld.

Cay Partners First Am Title (USDC) Cmp 140529
1700 13230

6
Case 3:14-cv-00232-TAV-CCS   Document 1   Filed 05/30/14   Page 6 of 15   PageID #: 6

21. On Friday January 4, 2013, Mr. Carl sent an email to opposing counsel congratulating him on his winning defense of Cay's appeal. Mr. Carl stated he had not advises his client yet and that he would find out how "*my client* wants to handle the next phase."(Emphasis added). **Exhibit 19**.

22. On the following Monday, Mr. Carl consulted with FATCO to find out how it wanted proceed in light of the loss on appeal. Mr. Carl also stated that "*we* need to decide our next step." **Exhibit 20**. Mr. Carl did not advise Cay of the loss on appeal. (Emphasis added)

23. In early February, Mr. Seefeld first got notice of the loss on appeal from a letter sent by Mr. Owens. Mr. Seefeld immediately contacted Mr. Carl. **Exhibit 21**. During the conversation Mr. Carl stated that he didn't feel like calling Mr. Seefeld to advise him of the loss and that he didn't think he represented Cay Partners any longer.

24. Cay never received a letter of termination from Mr. Carl.

### COUNT I: TORTIOUS INTERFERENCE WITH A CONTRACT

25. Cay incorporates by reference the preceding numbered paragraphs of this Complaint.

26. Cay was indemnified by FATCO and under the policy against claims arising from unrecorded mechanic's liens. Mr. Carl was fully aware of the valid FATCO policy which was a contract of indemnification meant to inure to the benefit of Cay, his client.

Cay Partners First Am Title (USDC) Cmp 140529
1700 13230
7
Case 3:14-cv-00232-TAV-CCS   Document 1   Filed 05/30/14   Page 7 of 15   PageID #: 7

27. Mr. Carl worked with FATCO to gather enough evidence to create a defensible position upon which FATCO could deny coverage under the policy. Mr. Carl's course of conduct evidences his malicious intent to deprive Cay of its deserved indemnification as contracted for under the policy.

28. As a result of the concerted efforts of FATCO and Mr. Carl, Cay was ultimately denied coverage under the policy. This denial of coverage constituted a breach of contract under the covering provisions of the policy.

29. Mr. Carl's interference with Cay's contract caused Cay to suffer monetary damages, including, but not limited to, loss of use of property, property damage, lost profits, interest, attorney's fees and other expenses.

30. Throughout the course of his representation of M&I Bank and Cay, Mr. Carl was an employee, agent, and/or servant of Defendant Baker Donelson. Mr. Carl was acting within the course and scope of his employment with Baker Donelson during the entirety of his representation of M&I and Cay. As such, Baker Donelson is responsible for Mr. Carl's tortious interference with a contract under the doctrine of respondeat superior due to the master-servant relationship which existed during the course of Mr. Carl's representation of M&I Bank and Cay which gave rise to this lawsuit.

**COUNT II: NEGLIGENT MISREPRESENTATION**

31. Cay incorporates by reference the preceding numbered paragraphs of this Complaint.

32. Mr. Carl was acting in the course of his profession when he undertook the representation of Cay.

Cay Partners First Am Title (USDC) Cmp 140529
1700 13230

8

Case 3:14-cv-00232-TAV-CCS   Document 1   Filed 05/30/14   Page 8 of 15   PageID #: 8

33. He supplied false informed concerning the settlement of claims, advised Cay to contribute to any settlement amount, and omitted pertinent information, all of which was meant to guide Cay in its handling of the case and the underlying property.

34. Mr. Carl failed to exercise reasonable care in obtaining the information, did not do due diligence to ensure that the information was true, accurate, and in the best interest of his client, and did communicate this information with reasonable promptness or care.

35. Cay justifiably relied on the misinformation and omissions and allowed itself to be strung along for years of litigation with false promises of settlements only to see the underlying property destroyed by weather and time, lost interest on its loan, and lost the collectability of personal guarantors. Cay's justifiable reliance on the information, misinformation, and omissions caused Cay to suffer monetary damages, including, but not limited to, loss of use of property, property damage, lost profits, interest, attorney's fees and other expenses.

36. Throughout the course of his representation of M&I Bank and Cay, Mr. Carl was an employee, agent, and/or servant of Defendant Baker Donelson. Mr. Carl was acting within the course and scope of his employment with Baker Donelson during the entirety of his representation of M&I and Cay. As such, Baker Donelson is responsible for Mr. Carl's negligent misrepresentation under the doctrine of respondeat superior due to the master-servant relationship which existed during the course of Mr. Carl's representation of M&I Bank and Cay which gave rise to this lawsuit.

## COUNT III: BREACH OF FIDUCIARY DUTY

37. Cay incorporates by reference the preceding numbered paragraphs of this Complaint.

38. As an advocate, a lawyer is charged with zealously asserting the client's position under the rules of the adversary system. Inclusive in his duty of zealously advocacy is a fiduciary duty to the client. This fiduciary duty is one of trust, loyalty, open communication, and a commitment to preserving, defending, and advocating for the interests of the client. Mr. Carl breached all of these duties in the course of his representation of Cay.

39. On no occasion did Mr. Carl advocate for Cay's coverage under the title policy. Mr. Carl deferred to the decision making of FATCO in every respect of his representation of Cay. Mr. Carl never sought information, though readily at his disposal, which would have had the effect of ensuring Cay's covered position under the Policy. Mr. Carl never demanded that FATCO protect the interest of Cay by posting a bond while it pursued a strategy of litigation that even Mr. Carl advised against. Mr. Carl never once reminded FATCO of its duty to provide Cay coverage under the policy. Mr. Carl never once demanded that FATCO settle the Claims on Cay's behalf even when it was patently obvious that Cay was entitled to a settlement. Mr. Carl went so far to advise FATCO that it was "flirting with a bad faith action" but made no mention of this to Cay. **Exhibit 4**.

40. Mr. Carl breached his duty of loyalty to Cay, and violated section 1.8.b. of the Tennessee Rules of Professional Conduct, by using his position as counsel for Cay

Cay Partners First Am Title (USDC) Cmp 140529
1700 13230

10

Case 3:14-cv-00232-TAV-CCS   Document 1   Filed 05/30/14   Page 10 of 15   PageID #: 10

to conduct discovery against Cay and M&I Bank for FATCO so that FATCO could gather enough evidence to deny Cay's claim under the policy. He also breached this duty by providing FATCO with information regarding communications with Cay, the divulging of which was directly adverse to Cay's interests.

41.  Mr. Carl breached his duty to communicate with Cay, and violated Rule 1.4 of the Tennessee Rules of Professional Conduct, dozens of times. Mr. Carl failed to promptly, if at all, inform Cay of decisions or circumstances with respect to which Cay's informed consent would be needed, never once even attempted to consult with Cay about the means by which the Cay's objectives were to be accomplished, and failed on myriad occasions to keep Cay reasonably informed about the status of the matter.

42.  Never, in the entire course of his representation, did Mr. Carl consult with Cay, advise Cay, strategize with Cay, meet with Cay, or in any other way try to ensure the best interests of Cay were protected. Almost all of Carl's communications with Cay were for the express purpose of collecting documents for FATCO.

43.  Mr. Carl did not keep Cay informed about that status of the case or of settlement negotiations, and when he did provide Cay information, the information was not accurate. Mr. Carl communicated with opposing counsel to "define our roles" and "form a game plan" and never once informed Cay or invited Cay to participate in meetings. Mr. Carl failed to inform Cay of the date of oral arguments or even of its loss on appeal. By the time Cay became aware of its loss on appeal from a letter from opposing counsel, the window to appeal the case to the Supreme Court had passed. Mr. Carl even failed to communicate whether or not his representation of Cay had ceased.

Cay Partners First Am Title (USDC) Cmp 140529
1700 13230

11

Case 3:14-cv-00232-TAV-CCS   Document 1   Filed 05/30/14   Page 11 of 15   PageID #: 11

44. Mr. Carl so failed to advocate for his client that he took action even when Cay prohibited it. Cay specifically told Mr. Carl not to have an appraisal of the property made. Despite Cay's outright prohibition, Mr. Carl had the property appraised at the behest of FATCO. This appraisal proved detrimental to the best interest of Cay. When taken collectively, all of the communication between the parties in the litigation of the Claims evidences Mr. Carl's eagerness to please and aid FATCO in every respect, and also evidences Mr. Carl's utter lack of advocacy on behalf of Cay.

45. Mr. Carl's breach of his fiduciary duty owed to Cay directly and proximately caused Cay to suffer monetary damages, including, but not limited to, loss of use of property, property damage, lost profits, interest, attorney's fees and other expenses.

46. Throughout the course of his representation of M&I Bank and Cay, Mr. Carl was an employee, agent, and/or servant of Defendant Baker Donelson. Mr. Carl was acting within the course and scope of his employment with Baker Donelson during the entirety of his representation of M&I and Cay. As such, Baker Donelson is responsible for Mr. Carl's breach of fiduciary duty under the doctrine of respondeat superior due to the master-servant relationship which existed during the course of Mr. Carl's representation of M&I Bank and Cay which gave rise to this lawsuit.

## COUNT IV: PROFESSIONAL MALPRACTICE

47. Cay incorporates by reference the preceding numbered paragraphs of this Complaint.

48. Mr. Carl owed to Cay a duty to represent its interest with same care, skill, and diligence commonly exercised by attorneys under similar circumstances.

49. Mr. Carl breached this duty by stipulating to the lien amounts in the adverse claims and by otherwise advocating for the best interests of FATCO at the expense of Cay.

50. Mr. Carl's breach of duty directly and proximately caused Cay to suffer monetary damages, including, but not limited to, loss of use of property, property damage, lost profits, interest, attorney's fees and other expenses.

51. Throughout the course of his representation of M&I Bank and Cay, Mr. Carl was an employee, agent, and/or servant of Defendant Baker Donelson. Mr. Carl was acting within the course and scope of his employment with Baker Donelson during the entirety of his representation of M&I and Cay. As such, Baker Donelson is responsible for Mr. Carl's professional malpractice under the doctrine of respondeat superior due to the master-servant relationship which existed during the course of Mr. Carl's representation of M&I Bank and Cay which gave rise to this lawsuit.

## COUNT V: CONSPIRACY

52. Cay incorporates by reference the preceding numbered paragraphs of this Complaint.

53. Mr. Carl, acting in concert with FATCO, did by unlawful means, combine to protract litigation and conduct a course of discovery which was directly adverse to Cay's interest for the purpose of establishing grounds upon which FATCO could deny Cay coverage under the policy.

Cay Partners First Am Title (USDC) Cmp 140529
1700 13230

13
Case 3:14-cv-00232-TAV-CCS   Document 1   Filed 05/30/14   Page 13 of 15   PageID #: 13

54. Mr. Carl's conspiring with FATCO did cause Cay to suffer monetary damages, including, but not limited to, loss of use of property, property damage, lost profits, interest, attorney's fees and other expenses.

55. Throughout the course of his representation of M&I Bank and Cay, Mr. Carl was an employee, agent, and/or servant of Defendant Baker Donelson. Mr. Carl was acting within the course and scope of his employment with Baker Donelson during the entirety of his representation of M&I and Cay. As such, Baker Donelson is responsible for Mr. Carl's conduct under the doctrine of respondeat superior due to the master-servant relationship which existed during the course of Mr. Carl's representation of M&I Bank and Cay which gave rise to this lawsuit.

**WHEREFORE**, premise considered, the Plaintiff prays as follows:

A. That a jury of twelve (12) citizens hear this cause;

B. For damages in the amount of the insured value of the Property pursuant to the Policy;

C. Damages in the amount of the existing liens on the Subject Property held by FATCO and others, together with interest, fees and penalties associated with the existing liens;

D. Attorney's fees, expenses and other losses incurred by Cay as a result of Mr. Carl's adverse actions;

E. Punitive Damages; and

F. For such other further, general and special relief to which Cay may be entitled.

Respectfully submitted,

_____
**STEVEN J. MEISNER** */ es*
Registration No. 23777
Attorney for Plaintiff

**BREWER KRAUSE BROOKS
CHASTAIN & BURROW, PLLC**
611 Commerce Street, Suite 2600
P.O. Box 23890
Nashville, TN  37202-3890
(615) 256-8787


## **COST BOND**

This is to certify that the undersigned is the Surety for the costs in this cause.

**BREWER, KRAUSE, BROOKS,
CHASTAIN & BURROW, PLLC**

_____
**STEVEN J. MEISNER** */ es*